(35 Misc. Rep. 598.)

### In re CHENEY.

(Supreme Court, Special Term, Onondaga County. July, 1901.)

1. INTOXICATING LIQUORS—CERTIFICATE—CANCELLATION.

Where the owner of a building occupied as a dwelling cut a new door after a saloon keeper had paid his license fee, and finished the door on the day when the certificate was issued, with the evident purpose of affecting the right of the saloon keeper to procure a certificate, on an application by the owner of the building to cancel the license the new door could not be considered in determining the saloon keeper's rights.

2. SAME.

The entrance from and to which distance is to be computed for the purpose of determining what buildings are within a radius of 200 feet, on an application for a liquor license, is the entrance into the wall of the building occupied as a saloon.

In the matter of the application of Stephen Cheney for an order revoking a license of Marcus A. Muckey. Petition dismissed.

Edward C. Wright, for petitioner.
William F. Rafferty, for defendant.

HISCOCK, J. The report of the referee in this matter is confirmed, and the application for an order canceling the liquor tax license in question is denied for the following reasons:

1. The entrance from and to which distance is to be computed

for the purpose of determining what buildings, if any, are within a radius of 200 feet, is the entrance or opening into the wall of the building occupied as a saloon. Such entrance or opening in this case is controlling, rather than the location of the door set back from the wall in the entrance way.

2. The application for the license in question upon March 27th having been made, and the license fee having been paid before the new door in what is described in the proceedings as the "parsonage" was cut, the status of the application, in my opinion, is to be governed by the facts and conditions existing at and prior to that time, rather than by those which occurred thereafter. The fact that the petition was temporarily withdrawn for a few hours, in order to correct some error or irregularity, would not, in my opinion, prevent the application from relating back to the time when it was originally made.

3. The new entrance to the building called the "parsonage" was cut and made through the efforts of the petitioner, and was completed upon the day when the license was granted, and, apparently, after the original application was made upon that day. The facts seem to indicate that the new entrance was created for the purpose of affecting the right of the applicant to procure a license, and I do not believe that, under all of the circumstances of the case, such new entrance can be taken into account in determining his rights to a license. The petition is therefore dismissed.

Petition dismissed.